# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re<br>USA Cricket<br>Tax ID/EIN: 82-3077896<br>　　　　　　　　　　Debtor. | Case No. 25-16381 MER<br><br>Chapter 11 |

## OBJECTION TO THE RENEWED MOTION TO REMOVE SUBCHAPTER V DESIGNATION AND APPOINT A CHAPTER 11 TRUSTEE

The Acting United States Trustee ("**UST**"), by and through undersigned counsel, files this objection to the *Renewed Motion for an Order to (1) Amend Debtor's Voluntary Petition Pursuant to Federal Rule of Bankruptcy Procedure 1009(A) and (2) Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(A) with Powers Under § 1106 (Docket #129)*, and in support thereof states and asserts as follows:

### Background

1.  USA Cricket (the "**Debtor**") filed this bankruptcy case under Chapter 11 of Title 11, United States Code, on October 1, 2025.[1]

2.  On the *Petition (Docket #1)*, the Debtor elected to proceed in this case under Subchapter V of Chapter 11 by indicating that it qualified as a debtor under Section 1182(1).

3.  On November 6, 2025, the UST attempted to conduct the meeting of creditors pursuant to 11 U.S.C. § 341(a) (the "**341 Meeting**"). However, the UST was informed at the 341 Meeting that no representative of the Debtor was available to testify. Based on the Debtor's failure to appear, the UST noted on the record an intention to seek dismissal or conversion of the case pursuant to 11 U.S.C. § 1112, but agreed to temporarily delay pursuit of that action based on a request from creditors to have time to seek alternative relief.

4.  On November 11, 2025, a creditor, American Cricket Enterprises, LLC ("**ACE**"), filed the *Motion for an Order to (1) Amend Debtor's Voluntary Petition Pursuant to Federal Rule of Bankruptcy Procedure 1009(A) and (2) Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(A) with Powers Under § 1106 (Docket #90)* (the "**Prior Motion**") requesting that the Court

---

[1] All references to the "Bankruptcy Code" are to the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*. Unless otherwise indicated, all references to a "§" or "Section" are to a section of the Bankruptcy Code, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

order the voluntary petition be amended to remove the Subchapter V designation, and that the Court order the appointment of a Chapter 11 Trustee.

5. On November 18, 2025, the UST filed an *Objection* (Docket #109) to the Prior Motion, which asserted the UST's position that the Court lacks authority to revoke a Debtor's election to proceed in subchapter V absent a finding that the Debtor is ineligible to be a debtor under Subchapter V (as set out in Rule 1020) or a voluntary election by the Debtor to remove that designation (as allowed by Section 103(i)).

6. On December 15, 2025, the Court issued an Order (Docket #125) (the "**December 15 Order**") addressing the Prior Motion and the UST's Objection. In the December 15 Order, the Court reviewed case authority addressing the legal issue of revocation of a debtor's subchapter V election. After review of the available authority, the Court ultimately sustained the UST's objection because the Debtor had not yet missed the statutory deadline – December 30, 2025 – to file a Subchapter V plan. However, the Court noted that if the Debtor failed to timely file a plan the Court would likely grant a future motion to revoke the Debtor's designation and appoint a Chapter 11 trustee. *See December 15 Order*, at 6–7.

7. The Debtor did not file a plan by the December 30, 2025 deadline.

8. On December 31, 2025, ACE filed a *Renewed Motion for an Order to (1) Amend Debtor's Voluntary Petition Pursuant to Federal Rule of Bankruptcy Procedure 1009(A) and (2) Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(A) with Powers Under § 1106 (Docket #129)* (the "**Renewed Motion**"), noting, among other things, that the Debtor had failed to meet the statutory deadline to file a plan in the Subchapter V case, and once again requesting that the Court order the voluntary petition be amended to remove the Subchapter V designation, and that the Court order the appointment of a Chapter 11 Trustee.

9. For the reasons further set forth below, the UST objects to the Renewed Motion.

10. As a precursor to this objection, the UST wishes to note that he fully understands and appreciates that the Court's December 15 Order indicates that the Court will likely find that it has authority to revoke the Debtor's election to proceed in Subchapter V, at least in those circumstances where the Debtor's "prospects for reorganization under Subchapter V are so hopeless and counter to the goals of Subchapter V that the only viable option for the debtor to reorganize is to de-designate it and appoint a Chapter 11 trustee." *December 15 Order*, p.5. However, given that no final order has entered on this issue, the UST files this objection to reassert his position that the Code and Rules do not authorize the Court to remove the Subchapter V election of an otherwise eligible Subchapter V debtor absent consent by that debtor. That said, the UST acknowledges at the outset that the objection set out below contains no new cases or authority beyond those previously asserted in the UST's prior objection, and is reasserted here for the purpose of allowing the UST to consistently assert his position on this issue.

**Objection**

<u>The Code and Rules limit the Court's authority to "de-designate" a Subchapter V case</u>.

11.     As an initial matter, the Code gives the debtor (and no one else) the option of deciding whether to proceed under Subchapter V. Specifically, Section 103(i) provides that "Subchapter V of chapter 11 of this title applies only in a case under chapter 11 in which a <u>debtor</u> (as defined in section 1182) <u>elects</u> that subchapter V of chapter 11 shall apply." *See* 11 U.S.C. § 103(i) (emphasis added). Given that the Code specifically bestows this election on the Debtor (only), changing the election based on a creditor's request would run counter to this statutory edict.

12.     That the Debtor cannot be stripped of its election is further bolstered by Rule 1020(a), which provides: "The status of the case as a small business case or a case under subchapter V of chapter 11 <u>shall be</u> in accordance <u>with the debtor's statement</u> under this subdivision, unless and until the court enters an order finding that the debtor's statement is incorrect." *See* FRBP 1020(a). In other words, Rule 1020(a) gives express direction that once the Debtor's election is made, the case must proceed in accordance with that election unless the Court finds that the Debtor was not eligible to elect Subchapter V in the first place.

13.     The Rule then goes on to allow creditors and other parties-in-interest an ability to challenge the Debtor's eligibility for Subchapter V provided they do so within thirty (30) days from the conclusion of the 341 Meeting. *See* FRBP 1020(b). However, the Rule does not afford creditors with the opportunity to challenge the Debtor's election on the basis that their interests would be better served in a non-subchapter V case.

14.     As a result, the Court's authority to remove a Debtor's election to proceed in Subchapter V is severely restricted by the statutory emphasis on that decision belonging to the Debtor (as set out in Section 103(i) and Rule 1020(a)) and by the statutory limitations on creditors opportunities to challenge that election (as set out in Rule 1020(b)).

15.     Here, nothing in the Motion asserts or argues that the Debtor was ineligible when it made its election to proceed in Subchapter V. Instead, the only arguments are that creditors would be better off if non-subchapter V provisions (namely, Section 1104 and 1106) were applicable to this case. But the fact that the Code strictly prohibits the appointment of a Chapter 11 trustee under Section 1104 and the application of the full range of Chapter 11 trustee's duties under Section 1106 within a Subchapter V case only adds further support to the UST's position. *See* 11 U.S.C. § 1181(a) ("Sections…1104 [and] 1106…of this title do not apply in a case under this subchapter"). By entering an order "de-designating" the case as a Subchapter V case, the Court would be providing an end-run around the restrictions that Congress saw fit to apply to Subchapter V cases.

16.     Thus, the UST objects that the Court does not have authority to override the Debtor's election to proceed under Subchapter V as authorized by Section 103(i), or to ignore the mandate of Rule 1020(a) that a case "shall be" in accordance with that election, or to enter an order contrary to the statutory restrictions that Congress placed on the use of Sections 1104 and 1106 in Subchapter V cases.

Most Courts Agree.

17. While there is little precedent (and none binding) on this issue, several courts have provided useful discussion and analysis of the Court's authority to "de-designate" a Subchapter V case without the Debtor's consent.

18. One of the most fulsome discussions occured in the case of *In re ComedyMX, LLC*, 647 B.R. 457, 462-64 (Bankr. D. Del. 2022), wherein the Court expressed concerns that doing so would be difficult to reconcile with the Code and Rules, as follows:

> Under § 103(i), the decision to proceed under subchapter V is within the exclusive province of the debtor. There can be no suggestion that a creditor may move a court to amend a petition to designate a case as one under subchapter V over a debtor's objection. So notwithstanding the language of Rule 1009(a), it cannot be argued that parties in interest have carte blanche to file motions seeking to move debtors in or out of subchapter V as they see fit. In addition, Rule 1020, which establishes the procedure for a debtor to designate a case under subchapter V and for a party in interest to object to such a designation, can be read to imply that the debtor's determination to proceed under subchapter V shall be controlling unless and until the Court determines that the debtor is statutorily ineligible. Moreover, there is also reason to be concerned that the argument from Rule 1009 proves too much. If a creditor may move under Rule 1009 to amend a debtor's position to de-designate the case as a subchapter V, might a creditor seek to circumvent the standards for conversion from one chapter to another by seeking to move to amend the petition? The answer to that question must be no, which might suggest that Rule 1009 was never intended to be such a source of substantive authority to affect the basic contours of a bankruptcy case. And finally, a case can be made from the text of the statute itself that de-designating a subchapter V case so that another party in interest may propose a plan or so that a trustee may be appointed under § 1104 would be an improper end run around the contrary provisions contained in subchapter V itself.

*Id*. at 463-64 (citation omitted). Ultimately, the court opted to remove the debtor from possession under Section 1185, without issuing a final decision on the issue of the court's authority to remove the designation under Rule 1009. *Id*. at 465 ("[U]nder the circumstances of this case, the Court does not believe, if it has the power to de-designate at all, that it would be appropriate to exercise that authority before such efforts are exhausted."). Still, the concerns expressed in this decision are valid and should be given serious consideration by this Court in deciding whether to grant the Motion.

19. Similarly, the court in *In re Free Speech Sys., LLC*, 649 B.R. 729, 734-35 (Bankr. S.D. Tex. 2023) elected not to revoke the Subchapter V designation, finding that the "Bankruptcy Code and … Rules don't provide a standard for assessing a motion to either amend a bankruptcy petition to revoke a Subchapter V election or for the Court to revoke it outright." In doing so, the court noted the same reservations as stated in *ComedyMX* and found that Section 1112 of "the Code expressly provides for dismissal or conversion to a chapter 7 case, not revoking a debtor's election." *Id*. at 735 & n.21.

20. More recently, after reviewing the rationales set out in *Comedy MX* and *Free Speech Systems*, the court in *In re Pinnacle Foods of Cal. LLC*, also expressed doubts as to its authority to revoke a debtor's Subchapter V election:

> These courts look to the election as solely within the province of the debtor under 11 U.S.C. § 103(i). Thus, notwithstanding Rule 1009(a) permitting amendment of a petition on motion of a party-in-interest, the election to proceed under Sub V is the debtor's. Additionally, as the *ComedyMX* court noted, Rule 1020 seems to establish the primacy of the debtor's election. … This court doubts its authority to "de-deasignate" an eligible debtor's Sub V election upon a non-debtor's motion but this interesting issue need not be decided here.

*In re Pinnacle Foods of Cal. LLC*, No. 24-11015-B-11, 2024 WL 3873478, at *5 (Bankr. E.D. Cal. Aug. 15, 2024).

<u>*In re National Small Business Alliance* was wrongly decided.</u>

21. The only reported decision (known to the UST) that has held that an otherwise eligible debtor's Subchapter V designation can be revoked without its consent is *In re Nat'l Small Bus. All., Inc.*, 642 B.R. 345, 348-49 (Bankr. D.C. 2022) ("*NSBA*"), where the Court found that although it could not order a Subchapter V debtor to convert to a standard Chapter 11, it could revoke the debtor's Subchapter V designation pursuant to Sections 105(a) and 1112(a) and appoint a Chapter 11 trustee. *In re Nat'l Small Bus. All., Inc.*, 642 B.R. at 345.[2]

22. Respectfully, the UST contends that the *NSBA* decision is flawed. The primary justification for the NSBA ruling was that if a debtor can use Rule 1009(a) to amend a petition to designate itself as a Subchapter V debtor (which it can), then the "opposite" must also be true (*i.e.* creditors must be able to use Rule 1009(a) to force a debtor to amend its petition to revoke that designation). *Id.* at 348. The court also noted the right of a debtor to convert from one chapter to another (citing to Sections 706, 1112, 1208 and 1307), and asserted its authority to "de-designate" a Subchapter V case as being consistent with those statutory provisions. *Id.*

---

[2] Although other courts have cited *NSBA*, none of those cases have resulted in a similar holding; instead, in each of those cases the court revoked the Subchapter V designation because the debtor did not qualify to be a Subchapter V debtor under the definition set forth in Section 1182. *See In re CYMA Cleaning Contrs. Inc.*, No. 22-01377 (ESL), 2023 WL 7117445, at *2 (Bankr. D. P.R. Oct. 27, 2023) (finding that in the case of a single asset real estate debtor, court could *sua sponte* revoke the Subchapter V designation after the deadline set forth in Rule 1020 because of its ability to extend deadlines pursuant to Rule 9006(b)(1)); *In re Zhang Med. P.C.*, 655 B.R. 403, 406-07 & n. 2 (Bankr. S.D.N.Y. Nov. 30, 2023) (finding that based on its schedules and the claims register, debtor was over the $7.5 million debt limit and was not eligible to proceed in Subchapter V, therefore court did not reach the issue of whether it could revoke the Subchapter V designation because debtor could not comply with Subchapter V deadlines); *In re Macedon Consulting, Inc.*, 652 B.R. 480, 486 & n. 3 (Bankr. E.D. Va. June 14, 2023) (in response to lessors' motion to dismiss, court found that when debtor's lease obligations were included as debt, debtor was over the Subchapter V debt limit and in debtor's reply, debtor requested that court revoke its designation instead of dismissing its case).

23. The NSBA court's rationale about Rule 1009(a) fails because it completely ignores the other provisions of the Code and Rules that place the decision of whether to proceed in Subchapter V entirely at the debtor's discretion. *See* 11 U.S.C. §103(i); Fed. R. Bankr. P. 1020(a). The more cohesive rationale is that the power for a debtor to change its Subchapter V designation does not come from Rule 1009(a) itself, but from the authority granted by Section 103(i) for the Debtor to make that election. Rule 1009(a) is merely the procedural tool used to implement that substantive right. However, there is no corollary provision in the Code or Rules that would give a creditor the authority to request revocation of the debtor's election. Quite to the contrary, Rule 1020 makes clear that the case "shall" proceed in Subchapter V absent a finding that the debtor was not eligible for the elected relief.

24. For additional perspective, consider whether a creditor could request a non-Subchapter V case be designated as a Subchapter V case using only the authority granted by Rule 1009. The Court would easily conclude that Rule 1009 offers insufficient authority to impose that substantive change on the debtor. *See In re ComedyMX, LLC*, 647 B.R. 457, 462-64 (Bankr. D. Del. 2022) ("There can be no suggestion that a creditor may move a court to amend a petition to designate a case as one under subchapter V over a debtor's objection."). The reverse must also be true. Rule 1009 simply does not afford the Court with any authority to revoke the Debtor's election to proceed in Subchapter V.

25. The *NSBA* court also based its authority on the use of Section 105, which is similarly flawed. As an initial matter, the Supreme Court in *Law v. Siegel* prohibits the use of Section 105(a) to "contravene specific statutory provisions" of the Code and *Lamie v. United States Trustee* holds that "when the statute's language is plain, the sole function of the courts--at least where the disposition required by the text is not absurd--is to enforce it according to its terms." *Law v. Siegel*, 571 U.S. at 420-21; *Lamie v. United States Tr.*, 540 U.S. at 534. The Supreme Court recently reinforced this understanding when it noted that Section 105 "serves only to 'carry out' authorities expressly conferred elsewhere in the code." S*ee Harrington v. Purdue Pharma L.P.* (*In re Purdue Pharma*) 603 U.S. 204, 216, 144 S. Ct. 2071, 2082 n2 (2024) (citations omitted).

26. Although the *NSBA* court's argument was that using Section 105(a) to issue its order revoking the Subchapter V designation is acceptable where "the equitable remedy dispensed by the court is necessary to preserve an identifiable right conferred elsewhere in the Bankruptcy Code,"[3] there is no identifiable right so preserved. Instead, this reasoning ignores the fact that all of the referenced rights (Sections 103(i), 706(a), 1112(a), 1208(a) and 1307(a)) belong solely to the debtor. All of these are volitional sub-sections. Thus, rather than preserving an identifiable right, the use of Section 105 would turn them into non-volitional sections and would eviscerate the rights set forth in those Code sub-sections. *See* 11 U.S.C. §§ 103(i), 706(a), 1112(a), 1208(a) & 1307(a).

---

[3] The *NSBA* court cites to *Jamo v. Katahdin Fed. Credit Union (In re Jamo)*, 283 F.3d 392, 403 (1st Cir. 2002) for this proposition. *See In re Nat'l Small Bus. Alliance*, 642 B.R. at 349. However, it is important to note that the *Jamo* court also said that "section 105(a) does not provide bankruptcy courts with a roving writ, much less a free hand." *Jamo v. Katahdin Fed. Credit Union (In re Jamo)*, 283 F.3d 392, 403 (1st Cir. 2002).

27. The *NSBA* court also reasoned that it had authority to de-designate under Section 105(a) because doing so would "ensure that 'a result that the Code clearly required' is achieved." *Nat'l Small Bus. All.*, 642 B.R. at 349.[4] While Subchapter V cases are designed to move swiftly, the Code provides specific remedies for courts to use when cases do not do so. For example, Section 1112(b) provides for conversion to Chapter 7 or dismissal for "cause." *See* 11 U.S.C. § 1112(b). Further, although access to Section 1104 is prohibited in Subchapter V cases, a slightly more restrictive means of removing a debtor from possession and replacing it with a trustee does exist for Subchapter V cases (namely, Section 1185(a) in conjunction with Sections 1183(b)(5) and 1186(b), and, if warranted, Section 1183(b)(2)). *Compare* 11 U.S.C. § 1104(a)(1) *with* 11 U.S.C. § 1185(a). While the UST acknowledges that these remedies may not be as enticing or beneficial to creditors as the full appointment of a trustee under 1104, these are the remedies that Congress saw fit to offer in Subchapter V cases. The Court cannot employ Section 105(a) to override those statutory limitations.

WHEREFORE, the UST respectfully requests the Court deny the Renewed Motion and requests such other and further relief as the Court deems appropriate.

Dated: January 5, 2026

Respectfully submitted,

GREGORY M. GARVIN
Acting United States Trustee, Region 19

/s/ R. Samuel Boughner
By: R. Samuel Boughner #AR2010272
Trial Attorney for the U.S. Trustee
1961 Stout Street, Suite 12-200
Denver, CO  80294
(303) 312-7252
Samuel.Boughner@usdoj.gov

---

[4] In support of this proposition the *NSBA* court cites to *In re Red River Energy, Inc.*, 409 B.R. 163, 185 (Bankr. S.D. Tex. 2009), which in turn quotes *Perez v. Peake*, 373 B.R. 468, 488 (S.D. Tex. 2007)). *Perez* based its holding on *Marrama v. Citizens Nat'l Bank of Mass.*, 549 U.S. 365 (2007), where "the Supreme Court recognized that Congress can restrict equitable powers by clear and unambiguous drafting of Code provisions." *Perez v. Peake*, 373 B.R. at 488. However, *Marrama* held that a bankruptcy courts' equitable powers "must and can only be exercised within the confines of the Bankruptcy Code." *Marrama*, 549 U.S. at 382. And the Supreme Court's subsequent decision in *Law v. Siegel* made clear that a "bankruptcy court may not exercise its authority to 'carry out' the provisions of the Code, 11 U. S. C. § 105(a), or its "inherent power . . . to sanction 'abusive litigation practices,' " [. . . ], by taking action prohibited elsewhere in the Code." *See Law v. Siegel*, 571 U.S. at 420-21 citing *Marrama*, 549 U.S. at 375-376. As set forth herein, forcing a qualified Subchapter V debtor to de-designate itself runs counter to specific sections of the Bankruptcy Code and Section 1104 is not available in Subchapter V cases.