**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
The Honorable Michael E. Romero

| | |
|---|---|
| In re: | Case No. 25-16381 MER |
| USA Cricket | |
| Debtor. | Chapter 11 |

## ORDER GRANTING MOTION TO AMEND DEBTOR'S PETITION AND APPOINT A CHAPTER 11 TRUSTEE

This matter comes before the Court on the Renewed Motion for an Order to (1) Amend Debtor's Voluntary Petition Pursuant to Federal Rule of Bankruptcy Procedure 1009(a) and (2) Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a) with Powers Under § 1106 ("**Motion**") filed by American Cricket Enterprises, LLC ("**ACE**"), the responses thereto, and the United States Trustee's ("**UST**") Objection.[1]

### BACKGROUND

The Debtor commenced this case on October 1, 2025, and elected to proceed as a small business debtor under Subchapter V of Chapter 11. Since the commencement of the case, there have been numerous issues regarding the Debtor's management. In particular, the Debtor's CEO furloughed himself before the Meeting of Creditors, and the Debtor's Board of Directors ("**BOD**") cannot agree on how many members there are, resulting in a possible deadlock. These issues, among others, have raised concerns regarding the Debtor's ability to reorganize, and resulted in ACE's first Motion for an Order to (1) Amend Debtor's Voluntary Petition Pursuant to Federal Rule of Bankruptcy Procedure 1009(a) and (2) Appoint a Chapter 11 Trustee Pursuant to 11 U.S.C. § 1104(a) with Powers Under § 1106 ("**First Motion**").[2] In its First Motion, ACE requested the Court revoke the Debtor's Subchapter V designation so that a Chapter 11 trustee may be appointed. Several parties supported the First Motion, including the International Cricket Council ("**ICC**"), the US Cricketers' Association, and four of the Debtor's BOD members.[3] All of these parties agree with ACE that it is in the best interest of the creditors and the Debtor's bankruptcy estate that the Debtor's designation be revoked, a Chapter 11 trustee be appointed, and that the case is not dismissed or converted to a Chapter 7. However, the UST objected to the First Motion on the

---

[1] ECF Nos. 129, 136, 139, & 140.

[2] ECF No. 90.

[3] ECF Nos. 96, 108, & 112.

grounds that the Bankruptcy Code does not authorize the Court to revoke a debtor's Subchapter V designation absent the Debtor's consent.[4]  Further complicating the matter was a motion filed by a purported majority of the Debtor's BOD ("**Majority Motion**").[5]  The Majority Motion asserts that there is a clear majority of the Debtor's BOD, and that the purported majority is capable of making the decisions necessary for the Debtor to be successful, including that the purported majority wishes to remain in Subchapter V and declines to voluntarily remove the Debtor's designation and appoint a Chapter 11 trustee.

The Court entered an order denying the First Motion without prejudice on December 15, 2025, and incorporates such order within.[6]  In its order denying the First Motion, the Court found that while existing case law permits the Court to, in narrow circumstances, revoke a debtor's Subchapter V designation, the Debtor's case did not present such circumstances.  In particular, the Debtor had not yet demonstrated it was incapable of producing a viable Subchapter V plan of reorganization because the plan deadline had not yet passed.  As such, the Court denied the First Motion but warned the Debtor that any future motion requesting revocation of its Subchapter V designation and appointment of a Chapter 11 trustee would likely be granted if the Debtor failed to file a plan by the December 31, 2025, deadline.  The Court also cautioned the Debtor that it would not extend the deadline.

The Debtor failed to file a plan.  As a result, ACE filed the instant Motion, again requesting the Court revoke the Debtor's Subchapter V designation and appoint a Chapter 11 trustee.  The ICC and four of the Debtor's BOD members filed responses reasserting their support for revocation of the Debtor's designation and appointment of a trustee.  The UST objected to the Motion on the same grounds as the First Motion.[7]  Neither the Debtor nor the purported majority of the Debtor's BOD filed objections or otherwise responded to the Motion.[8]  On January 6, 2026, the Court conducted a non-evidentiary hearing on the Motion.  None of the parties in attendance at the hearing disputes the existence of issues with the Debtor's current management and ability to reorganize under Subchapter V.  The parties agreed that there are no factual disputes to be resolved at an evidentiary hearing, and the Court took the matter under advisement.

---

[4] ECF No. 109.

[5] ECF No. 122.

[6] ECF No. 125.

[7] ECF Nos. 136, 139, & 140.

[8] The Debtor did not object to the First Motion either.

## ANALYSIS

Section 1104 of the Bankruptcy Code permits the Court, on request of a party in interest or the UST, to appoint a trustee in a Chapter 11 case.[9]  Section 1106 confers on a trustee appointed pursuant to § 1104 a variety of powers, including, among other things, the authority to file a plan of reorganization.[10]  However, neither §§ 1104 nor 1106 is applicable in Subchapter V cases.[11]  As such, the Court cannot appoint a Chapter 11 trustee unless and until the Debtor's Subchapter V designation is revoked.

Pursuant to § 103(i), Subchapter V of Chapter 11 only applies in cases in which the debtor has made the election on its bankruptcy petition.  Once a debtor has elected to proceed in Subchapter V, "[t]he case must proceed in accordance with the debtor's statement, unless and until the court issues an order finding that the statement is incorrect."[12]  Because a debtor makes its Subchapter V election on its petition, no provision in the Bankruptcy Code provides a mechanism for conversion from a regular Chapter 11 to a Subchapter V or vice versa.[13]  Instead, courts have held that a debtor who initially decided to proceed in a regular Chapter 11 and later decides to proceed under Subchapter V may do so by amending its petition in accordance with Rule 1009.[14] The same is true in cases where a debtor initially elects to proceed under Subchapter V but is later determined to be ineligible.[15]  However, few courts have addressed the relief ACE requests here, that is, whether the Court can use Rule 1009 to compel the Debtor, who is otherwise statutorily eligible to proceed under Subchapter V, to amend its bankruptcy petition to remove the designation so that the Debtor would proceed in a regular Chapter 11 case and a Chapter 11 trustee could be appointed.[16]

---

[9] 11 U.S.C. § 1104(a). Any use of the term "Section" or "§" means Title 11 of the United States Code.

[10] 11 U.S.C. § 1106(a)(5).

[11] 11 U.S.C. § 1181(a)

[12] Fed. R. Bankr. P. 1020(a).

[13] *In re National Small Business Alliance, Inc.*, 642 B.R. 345, 348 (Bankr. D.D.C. 2022) (*citing In re Peak Serum, Inc.*, 623 B.R. 609, 616 (Bankr. D. Colo. 2020); *Seven Stars on the Hudson Corp.*, 618 B.R. 333, 342 at n. 58 (Bankr. S.D. Fla. 2020)).

[14] Any use of the term "Rule" hereafter means the Federal Rules of Bankruptcy Procedure.

[15] *In re National Small Business Alliance, Inc.*, 642 B.R. at 348 ("The Court cannot order that the Debtor convert to 'standard' chapter 11 but instead must order that the Debtor's petition be amended to revoke the election to proceed under Subchapter V.").

[16] On December 10, 2025, ACE filed a proof of claim in the amount of $150,000,000.00 which, if allowed, would make the Debtor ineligible for Subchapter V. As of the date of this Order no party has raised the issue of the Debtor's Subchapter V eligibility.

3

## A.     The Caselaw Permits Revocation of a Subchapter V Designation

As the Court previously found in its order denying the First Motion, at least one court has held that an otherwise eligible Subchapter V debtor's designation may be revoked under certain narrow circumstances.  The court in *In re National Small Business Alliance, Inc.* found it had authority to revoke the debtor's designation after the debtor failed to file a confirmable plan by the deadline imposed by § 1189 because doing so is consistent not only with § 105(a) which empowers a court to take actions necessary to carry out the provisions and goals of the Bankruptcy Code, but also with the Congressional goal of ensuring that Subchapter V cases provide a streamlined reorganization process.[17]  Similarly, while the Court in *In re ComedyMX, LLC* declined to issue a definitive ruling on whether it had authority to revoke the debtor's designation, it found that any authority to do so should only be exercised as a last resort, "where no other mechanism is available to achieve the objectives of chapter 11," and only after the debtor has an opportunity to propose a confirmable plan of reorganization.[18]  In other words, as the Court previously stated, the Debtor's Subchapter V designation may be revoked if "the Debtor's case and prospects for reorganization under Subchapter V are so hopeless and counter to the goals of Subchapter V that the only viable option for the Debtor to reorganize is to de-designate it and appoint a Chapter 11 trustee."[19]

## B.     The Debtor is Incapable of Reorganizing Under Subchapter V

The Debtor has proven it is incapable of reorganizing under Subchapter V. Despite the assurances in the Majority Motion that the Debtor's BOD has a functioning majority capable of making the necessary decisions to propose a confirmable plan, the Debtor failed to file a plan by the deadline.  Notwithstanding the Court's warning that it would not extend the deadline, the purported majority filed a motion requesting an extension ("**Motion for Extension**").[20]  The Motion for Extension drew several objections, including one from the other four BOD members asserting, among other things, that the continued dysfunctionality of the Debtor's management would render any extension of the deadline ineffective.  The Debtor's failure to comply with the requirements of Subchapter V by filing a plan by the 90-day deadline coupled with repeated disputes among its board members and questions regarding its management lead the Court to believe that the Debtor is incapable of succeeding in Subchapter V.

---

[17] 11 U.S.C. § 1189(b); *In re National Small Business Alliance, Inc.*, 642 B.R. 345, 348 (Bankr. D. Dist. Col. 2022).

[18] *In re ComedyMX, LLC*, 647 B.R. 457, 464 (Bankr. D. Del. 2022) ("The Debtors either will or will not be able to propose a plan of reorganization that is capable of being confirmed. But under the circumstances of this case, the Court does not believe, if it has the power to de-designate at all, that it would be appropriate to exercise that authority before such efforts are exhausted.").

[19] ECF No. 125 at 5.

[20] ECF No. 127. The Court ultimately denied the Motion for Extension. ECF No. 134.

Therefore, the Court finds cause exists to revoke the Debtor's designation and require it to proceed under the provisions of a regular Chapter 11.

**C.      The Court Will Appoint a Chapter 11 Trustee**

Since cause exists to revoke the Debtor's designation, the Debtor must proceed under the provisions of a regular Chapter 11, and the Court may appoint a Chapter 11 trustee.[21]  Section 1104(a) allows for the appointment of a Chapter 11 trustee.

> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause . . . or; (2) if such appointment is in the interests of creditors, any equity holders, and other interests of the estate . . .

"Once the court finds cause exists under § 1104, it has no discretion but must appoint a trustee."[22]  The Court is not bound by the enumerated causes in § 1104(a)(1). Rather, § 1104(a)(2) vests the Court with broad, discretionary power to consider equitable factors when deciding whether the appointment of a Chapter 11 trustee is warranted.[23]  Such factors include, among other things

> (1) the trustworthiness of the debtor; (2) the debtor's past and present performance and prospects for rehabilitation; (3) the confidence, or lack thereof, of the business community and of creditors in present management; and (4) the benefits derived by the appointment of a trustee balanced against the costs of appointment.[24]

While the Court may consider the enumerated factors in § 1104(a)(1) and equitable factors pursuant to § 1104(a)(2), it need not always do so.  Indeed, "it is sufficient that the appointment be in the best interest of creditors."[25]

ACE argues the Debtor's failure to file a plan by the deadline, mismanaged operations, acrimonious relationship with creditors, and demonstrated inability to function all constitute cause for the appointment of a Chapter 11 trustee.  The Court agrees.  The Debtor has grossly mismanaged the estate by failing to keep creditors informed by filing the required monthly operating reports and failing to file a plan by the

---

[21] 11 U.S.C. § 1104(a).

[22] *In re Oklahoma Refining Co.*, 838 F.2d 1133, 1136 (10th Cir. 1988) (*citing In re Ford*, 36 B.R. 501, 504 (Bankr. W.D. Ky. 1983)).

[23] *In re Peak Serum, Inc.*, 623 B.R. 609, 620 (Bankr. D. Colo. 2020) (*quoting In re Celeritas Techs., LLC*, 446 B.R. 514, 518 (Bankr. D. Kan. 2011)).

[24] *Id.*; *In re Colorado-Ute Elec. Ass'n, Inc.*, 120 B.R. 164, 176 (Bankr. D. Colo. 1990).

[25] *In re Oklahoma Refining Co.*, 838 F.2d at 1136.

deadline.  Indeed, the Debtor has not yet attended the Meeting of Creditors because its CEO furloughed himself before the meeting and remains furloughed as of the date of this order.  It is also clear that many of the Debtor's creditors and business associates, including ACE and the ICC, have little to no confidence in the Debtor's current management.  In fact, four of the Debtor's own directors assert that the Debtor is incapable of making the decisions necessary to successfully reorganize, and that the appointment of a Chapter 11 trustee is the only viable option for a successful reorganization.  Further, the appointment of a Chapter 11 trustee is in the best interests of creditors.  A Chapter 11 trustee will be able to file a plan of reorganization and make many of the decisions necessary for the Debtor to reorganize successfully.  As such, the Court finds that the appointment of a Chapter 11 trustee is warranted.

## CONCLUSION

Given the above, the Court

ORDERS, the Motion is GRANTED.  The Debtor's Subchapter V designation is revoked.  The Court

FURTHER ORDERS the UST is directed to appoint a Chapter 11 trustee pursuant to § 1104 with powers pursuant to § 1106.  The Court

FURTHER ORDERS the Chapter 11 trustee shall amend the Debtor's voluntary petition to remove the Subchapter V election.

Dated January 12, 2026                    BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

6